UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WARREN DIAMOND and FAITH DIAMOND,
AS THE TRUSTEE OF THE DIAMOND TRUST,

                Plaintiffs,                      21-cv-2604 (PKC)

    -against-

                                                        ORDER

SCOTT DIAMOND and 500 SLD, LLC,

                Defendants.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

        The Complaint asserts that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (Compl. at ¶ 2.) Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998). An individual's citizenship is determined by his domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)).

        Here, the Complaint states that plaintiffs "are both residents of the State of Florida" and that defendant Scott Diamond is "a resident of New Jersey." (Compl. at ¶ 2.) However,

"[d]omicile is not synonymous with residence; a party can reside in one place and be domiciled in another." Kennedy v. Trs. Of Testamentary Tr. of Will of Kennedy, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (Pauley, J) (citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 47–49 (1989)). Although the Complaint states that "the parties are completely diverse in citizenship" it fails to adequately allege the citizenship of either party. With 30 days of this Order, plaintiff shall amend the Complaint, or the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 26, 2021

2