UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WARREN DIAMOND and FAITH DIAMOND,
*as the Trustee of the Diamond Trust*,

      Plaintiffs,         21-cv-2604 (PKC)

  -against-           ORDER


500 SLD LLC and SCOTT DIAMOND,

      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

    Plaintiffs Warren Diamond and Faith Diamond assert that defendants 500 SLD LLC and Scott Diamond have breached a contract concerning the parties' ownership and management interests in real estate property located in New York City. (Doc 1.) Due in part to previous settlement discussions, the preliminary stages of the discovery process have not yet occurred, including a conference pursuant to Rule 26(f), Fed. R. Civ. P. (Doc 35 (Def. Br.) at 2 (citing Doc 32).)

    Defendants move to quash a subpoena directed to a third party, Lacey Walker, Jr., who was previously engaged as a computer forensics expert in an unrelated litigation between plaintiff Warren Diamond and defendant Scott Diamond in New Jersey state court in 2017, which was dismissed without prejudice on November 14, 2018. (Def. Br. at 1, 4.) Defendants argue that the third-party subpoena issued to Walker "is unlawful because it: (i) seeks to invade the Attorney/Client Relationship and the Work Product Doctrine; and (ii) is procedurally deficient, in violation of the Rules of Civil Procedure," as plaintiffs issued a third-party subpoena

prior to a Rule 26(f) conference and the subpoena imposes an undue burden upon Walker. (Id. at 1, 9-10.) The motion is unopposed, as plaintiffs have not timely responded.[1]

For the reasons explained below, the Court concludes that the subpoena is untimely and of limited relevance. The defendants' motion to quash will therefore be granted.

BACKGROUND

On February 16, 2022, plaintiffs served a third-party subpoena upon Walker, seeking testimony and production of documents eight days later, on February 24, 2022. (Doc 36-1 (Kaplan Decl. Ex. A).) In addition to testimony, the subpoena seeks the following documents:

> 1. [Walker's] complete file with respect to any engagement and/or services provided for and/or on the behalf of Scott Diamond.
>
> 2. Copies of all reports written by [Walker], prepared by [Walker], or prepared at [Walker's] direction with respect to any engagement and/or services provided for and/or on the behalf of Scott Diamond.
>
> 3. Any and all notes, documents, communications, engagement and/or services provided for and/or on the behalf of Scott Diamond.
>
> 4. Communications with anyone with respect to any engagement and/or services provided for and/or on the behalf of Scott Diamond, whether documented in a note, email, or a phone call summarized.
>
> 5. All information facts or data sent to [Walker] or by [Walker], and/or received by [Walker] with respect to any engagement and/or services provided for and/or on the behalf of Scott Diamond.

---

[1] Under Local Civil Rule 6.1 of the Joint Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, effective October 15, 2021, "[o]n all motions and applications under Fed. R. Civ. P. 26 through 37 inclusive and 45(d)(3) . . . any opposing affidavits and answering memoranda of law shall be served within seven days after service of the moving papers." Defendants filed their motion and related papers on February 23, 2022, but plaintiffs failed to file their response within seven days—by March 2, 2022. Plaintiffs have yet to respond to the defendants' motion.

2

>    6. A copy of [Walker's] CV, professional memberships, licenses[.]
>
>    7. Copies of any publications authored by [Walker.]
>
>    8. Any retainer, fee agreement, or contract with respect to any engagement and/or services provided for and/or on the behalf of Scott Diamond.
>
>    9. Complete time and billing records relating to and/or with respect to any engagement and/or services provided for and/or the behalf of Scott Diamond.

(Doc 36-1 at 12 of 12.)

As the Court understands, (i) Walker was engaged by Scott Diamond's counsel in the previous New Jersey action to "review and provide analysis and potential expert testimony regarding the forensic extraction and imaging of certain devices" in Scott Diamond's possession; (ii) the previous New Jersey state action in which Walker was engaged as an expert witness is factually unrelated to the present action; and (iii) Walker does not possess any personal knowledge of facts asserted in the plaintiffs' complaint.  (Def. Br. at 5 (citing Kaplan Decl. Ex. B).)

DISCUSSION

"[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds."  In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003).  A court may limit "the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Rule 26(b)(2)(C), Fed. R. Civ. P.

Rule 26(b)(1) constrains the permissible scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Rule 26(b)(1), Fed. R. Civ. P.

When attempting to obtain discovery, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Rule 45(d)(1), Fed. R. Civ. P.  As relevant to the instant motion, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Rule 45(d)(3)(A), Fed. R. Civ. P.  A party also "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Rule 26(d), Fed. R. Civ. P.

Plaintiffs' third-party subpoena is improper for two independent reasons.  First, as alleged in the defendants' motion, the parties have not conferred as required under Rule 26(f) and the exceptions listed under Rule 26(d) do not apply here.  Accordingly, plaintiffs "may not seek discovery from *any source* before the parties have conferred," which includes third parties such as Walker.  Rule 26(d)(1), Fed. R. Civ. P. (emphasis added).  Second, plaintiffs' third-party subpoena to Walker is of limited relevance.  Plaintiffs, who have not responded to the defendants' motion, offer no explanation as to why they require testimony and the requested documents from Walker, who was engaged as a computer forensics expert in an unrelated New

4

Jersey state action from several years ago, and does not appear to possess any knowledge related to the instant breach-of-contract claims.

Given these independently fatal shortcomings, it is unnecessary for the purposes of this motion to delve into whether the plaintiffs' subpoena "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter," or "subjects [Walker] to undue burden." Rule 45(d)(3)(A), Fed. R. Civ. P.

For these reasons, defendants' motion to quash the subpoena is GRANTED. The Clerk is directed to terminate the instant motion (Doc 34).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
March 30, 2022