UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARREN DIAMOND and FAITH
DIAMOND, as Trustee of the
Diamond Trust,

               Plaintiffs,                         21-cv-2604 (PKC)

        -against-

                                      ORDER

SCOTT DIAMOND and
SLD 500, LLC,

               Defendants.

_____

CASTEL, Senior United States District Judge:

          On May 8, 2024, the Court issued an Opinion and Order construing the language of the operative agreement in this action (the "Agreement") and concluding that the two contract-based claims asserted by plaintiffs Warren Diamond and Faith Diamond as Trustee of the Diamond Trust against defendants Scott Diamond and SLD 500, LLC were foreclosed.  (ECF 124.)  The Opinion and Order directed defendants to formally move for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., within 7 days, and permitted plaintiffs to respond 7 days thereafter.

          Defendants timely submitted their motion for judgment on the pleadings on May 13, 2024.  (ECF 125, 126.)  Plaintiffs sought an adjournment of their time to file their opposition to this motion to May 28, 2024, which the Court granted.  (ECF 127, 128.)  Plaintiffs failed to file any opposition by that date.

The Court has considered the merits of defendants' motion for judgment on the pleadings and finds it well-reasoned and persuasive.  See also Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004).  For the reasons that follow, the Court concludes that plaintiffs' claims are foreclosed and that defendants' motion for judgment on the pleadings will be granted.

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim."  Lively v. WAFRA Investment Advisory Group, Inc., 6 F.4th 293, 301 (2d Cir. 2021) (citation omitted).  "To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (citation omitted).

In their motion for judgment on the pleadings, defendants argue that plaintiffs' claims are foreclosed because their attempt in the Amended Complaint to impose liability on Scott Diamond and SLD 500, LLC for a breach of Paragraph 3(d) of the Agreement is defeated by the plain text of that Agreement.[1]  (ECF 126 at 11.) Defendants assert that on its face, the Amended Complaint fails to state claims that can be sustained under New York law against Scott and SLD 500.  (Id. at 1.)  The Court agrees.

Defendants argue that Paragraph 3(d) of the Agreement imposes an obligation on 500 Lincoln, LLC to make monthly automatic distributions from the Lincoln Citi Account and does not impose that obligation upon Scott or SLD 500.  (Id. at

---

[1] The Agreement was annexed to the Amended Complaint as Exhibit A.  (ECF 8-1.)  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (quoting Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993)) ("[O]n a motion to dismiss, a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference . . . .'").

11.)  Defendants also argue, consistent with the Court's interpretation of the Agreement

(ECF 124), that Scott Diamond had the power to direct payments to the Diamond Trust

while he was still a Trustee of the Diamond Trust, and that he ceased to have any

obligation under Paragraph 3(d) of the Agreement once he was removed as Trustee.  (Id.

at 11-12.)  Finally, defendants argue that neither Scott nor SLD 500 can be held liable

for "causing" 500 Lincoln to allegedly breach its obligations under the Agreement under

New York law because plaintiffs have not alleged facts justifying a piercing of the

corporate veil.  (Id. at 12-13.)[2]

   The Court agrees with defendants' arguments, which are consistent with

its conclusions in its Opinion and Order of May 8, 2024.  (ECF 124.)  In that Opinion

and Order, the Court construed the language of Paragraph 3(d) of the Agreement as well

as the obligations and different capacities of Scott Diamond throughout the Agreement.

Based on its "definitive and final interpretation" of the Agreement, the Court concludes

that, as defendants assert, neither Scott nor SLD 500 can be held liable for a breach of

the Agreement.  (Id. at 20.)

   The Court therefore GRANTS defendants' motion for judgment on the

pleadings.  The Clerk of Court is respectfully requested to terminate the motion (ECF

125), grant judgment for the defendants, and close the case.

  SO ORDERED.

          _____
             P. Kevin Castel
            United States District Judge

Dated:  New York, New York
   May 30, 2024

---

[2] Because the Court concludes that plaintiffs' contract-based claims are foreclosed, it need not address defendants' arguments about the enforceability of the liquidated damages clause.  (Id. at 13-17.)