UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARREN DIAMOND and FAITH
DIAMOND, as Trustee of the
Diamond Trust,

                Plaintiffs,                      21-cv-2604 (PKC)

      -against-

                                            ORDER

SCOTT DIAMOND and
SLD 500, LLC,

                Defendants.

CASTEL, Senior United States District Judge:

        In its May 8, 2024 Opinion and Order (ECF 124), the Court construed the language of the principal agreement at issue (the "Agreement") and concluded that the two contract-based claims asserted by plaintiffs Warren Diamond and Faith Diamond as Trustee of the Diamond Trust against defendants Scott Diamond and SLD 500, LLC were foreclosed.[1] More specifically, the Court construed the language of Paragraph 3(d) of the Agreement as well as the obligations and different capacities of Scott Diamond throughout the Agreement. Based on its "definitive and final interpretation" of the Agreement, the Court concluded that neither Scott nor SLD 500 can be held liable for a breach of the Agreement. (ECF 124 at 20.).

---

[1] Defendant Scott Diamond is the son of plaintiff Warren Diamond. There has been prior litigation between the two. See Motion in limine to bar evidence relating to matters adjudicated in prior federal litigation in Florida. (ECF 90.)

Defendants have moved for sanctions pursuant to Rule 11, Fed. R. Civ. P. Defendants rely upon subdivisions (b)(1)(2) and (3) of Rule 11 and urge that the claims were legally frivolous, asserted against the wrong parties, contradicted by documentary material and interposed for the purpose of harassing defendants and increasing their costs. The Court did conclude that the allegations of the Complaint failed when tested against the properly construed language of the Agreement. But the Court did not observe bad faith or the assertion by the defendants of positions utterly without merit. Having considered the entirely of defendants' legal and factual showing in support of their sanctions motion, the Court concludes that there is no basis to find that the action was brought to harass the defendants or needlessly increase their litigation costs.

The parties made their Final Pre-Trial Submissions and, upon a review of the Stipulations reached in the Joint Pre-Trial Order, it became apparent to the Court that there was unlikely to be a factual question to be presented to the jury. At the Final Pre-Trial Conference, the Court required the parties to submit briefs addressing their respective interpretations of the Agreement. The complexity of the interrelationships at issue are apparent from the May 8 Opinion and need not be repeated here. After construing the terms of the Agreement in the May 9 Opinion and Order, the Court invited the defendants to move for judgment on the pleadings.

The Court finds no basis to impose sanctions against the plaintiffs. Defendants' motion for sanctions (ECF 131) is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       December 20, 2024